UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBBIE D. KRABBENHOFT,<br><br>                    Petitioner,<br><br>          vs.<br><br>ROBERT DOOLEY, WARDEN - SDSP;<br>AND  THE ATTORNEY GENERAL OF<br>THE STATE OF SOUTH DAKOTA,<br><br>                    Respondents. | 4:16-CV-04149-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on petitioner Robbie D. Krabbenhoft's *pro se* habeas petition pursuant to 28 U.S.C. § 2254.  <u>See</u> Docket No. 1.[1] Mr. Krabbenhoft was convicted in South Dakota state court and he collaterally attacks the validity of that conviction.  <u>Id</u>.  This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier.

---

[1] References to documents filed in this federal § 2254 habeas lawsuit will be by the Docket number.  The court has been provided with the settled record files from Mr. Krabbenhoft's underlying criminal and state habeas proceedings. References to documents from the state criminal settled record file will be by CSR followed by the appropriate page number.  References to the documents from the state habeas settled record file will be by HSR followed by the appropriate page number.  References to the various transcripts will be by the name of the proceeding, followed by TR, followed by the appropriate page number.

Because it appeared upon initial review that Mr. Krabbenhoft's petition may be time-barred, the court issued an order to show cause to both Mr. Krabbenhoft and respondents instructing them to address the issue of whether Mr. Krabbenhoft's petition should be dismissed for failure to comply with the statute of limitations.  See Docket 6.  Respondents filed their response indicating the petition appeared to be timely (Docket No. 10), however Mr. Krabbenhoft did not respond.  Upon review of the respondents' response, the court ordered respondents to address the merits of the petition.  See Docket 11.

## FACTS AND PROCEDURAL HISTORY

On July 24, 2011, Mr. Krabbenhoft was present in a home with several other people including his ex-wife and her two young daughters.  One of the daughters, (GR) was eleven years old.  At some point in the evening or early morning hours, Mr. Krabbenhoft digitally penetrated GR's vagina and GR briefly performed oral sex upon Mr. Krabbenhoft.  When interviewed by the police about these incidents, Mr. Krabbenhoft admitted they occurred.

Mr. Krabbenhoft was charged with and pled guilty to the offense of First Degree Rape in violation of SDCL § 22-22-1(1) and, on October 3, 2011, the state circuit court, the Honorable Jack Von Wald presiding, sentenced Mr. Krabbenhoft to 40 years' imprisonment.  Mr. Krabbenhoft did not pursue a direct appeal.

On August 7, 2012, Mr. Krabbenhoft filed a *pro se* petition seeking habeas relief in state court.  Counsel was appointed to represent

Mr. Krabbenhoft and on January 20, 2014, counsel filed an amended habeas

petition on Mr. Krabbenhoft's behalf.  All of the issues raised in

Mr. Krabbenhoft's amended state habeas petition were ineffective assistance of

counsel claims.  They are listed below:

1.  Counsel failed to explain Mr. Krabbenhoft's constitutional right to a
    preliminary hearing;

2.  Counsel failed to discuss the facts of the case with Mr. Krabbenhoft
    and did not review the police report with him or provide him with a
    copy of the police report;

3.  Counsel met with Mr. Krabbenhoft only twice; once for fifteen minutes
    and once just before court. Counsel did not conduct a proper
    investigation or interview Mr. Krabbenhoft about the facts of the case;

4.  Counsel failed to hire an investigator to determine any defenses
    Mr. Krabbenhoft may have had to the charges;

5.  Mr. Krabbenhoft had an eighth grade education and did not
    understand the criminal process.  Counsel did not adequately explain
    the process to him;

6.  Counsel waived the preliminary hearing without explaining to
    Mr. Krabbenhoft what a preliminary hearing was and without obtaining
    his consent to such a waiver;

7.  Counsel did not have a psychological evaluation done to determine if
    Mr. Krabbenhoft was in a position to make an informed decision about
    pleading guilty.  Mr. Krabbenhoft had personal and medical issues that
    affected his ability to make such a decision;

8.  Counsel did not adequately prepare for sentencing, nor did she
    adequately present Mr. Krabbenhoft's case at sentencing;

9.  Counsel informed Mr. Krabbenhoft that he needed to provide a defense.
    Mr. Krabbenhoft did not know what defenses were available and felt,
    therefore, that he had no choice but to enter a plea of guilty;

10. Counsel did not ask for reconsideration of a sentence that was cruel
    and unusual for a first felony offense.

A state habeas evidentiary hearing was held on March 5, 2015, before the Honorable Richard A. Sommers, circuit court judge, in Aberdeen, South Dakota. Judge Sommers issued a memorandum decision on June 12, 2015, denying Mr. Krabbenhoft's petition in its entirety. Judge Sommers also entered findings of fact and conclusions of law. Mr. Krabbenhoft's counsel filed a motion for certificate of probable cause with the state circuit court, requesting review of all the above issues. On November 23, 2015, Judge Sommers granted Mr. Krabbenhoft's request for a certificate of probable cause as to all issues.

Mr. Krabbenhoft's counsel filed a notice of appeal on December 15, 2015. The South Dakota Supreme Court issued its summary order affirming the lower court on September 6, 2016. Mr. Krabbenhoft filed this federal habeas action pursuant to 28 U.S.C. § 2254 on October 26, 2016. The issues Mr. Krabbenhoft raises in this, his federal § 2254 petition are all ineffective assistance of counsel claims. They are listed below:

1. Trial counsel failed to hire and investigator to conduct an investigation of the charges against Mr. Krabbenhoft. Trial counsel failed to interview the victim or the police officers;

2. Trial counsel failed to review the presentence investigation report or the psychosexual evaluation with Mr. Krabbenhoft;

3. Trial counsel spent inadequate time on Mr. Krabbenhoft's case, and met with him only twice;

4. Trial counsel failed to call Mr. Krabbenhoft's former boss to testify at sentencing;

5. Trial counsel failed to advise Mr. Krabbenhoft of his right to a direct appeal;

> 6. Trial counsel failed to explain to Mr. Krabbenhoft that the plea deal reached between the prosecution and the defense was not binding on the court.

The respondents have moved to dismiss Mr. Krabbenhoft's petition and have submitted a memorandum in support of the motion. (Docket Nos. 13 & 14). The court has received for review the relevant state court files, including both the criminal and habeas records. The matter has been fully briefed and is now ripe for a decision. In addition to his petition, Mr. Krabbenhoft has submitted a supplement (Docket 12) dated December 14, 2016, which has been considered by the court.

## DISCUSSION

### A.    Standard Applicable to Rule 12(b)(6) Motions

The respondents' motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the petitioner has failed to state a claim upon which relief can be granted. Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face." Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)). A habeas petition does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility

standard" which "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim.  Id. at 556.  The petitioner's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief.  Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint.  Id. (citing Papasan, 478 U.S. at 286).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).  Rule 8 "does not unlock the doors of discovery for a [petitioner] armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)).  Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the habeas petition has *alleged*–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2).  Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the petition that are conclusory and therefore not entitled to the presumption of truth.  Id. at 679-680.  Legal conclusions must be supported by

factual allegations demonstrating the grounds for a petitioner's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  These are the principles guiding the court's evaluation of respondents' motion.

**B.    Principles Generally Applicable to § 2254 Petitions**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of  the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions."  Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or

7

incorrectly.  Id. at 411. "Rather, that application must also be *unreasonable*."
Id. (emphasis added).

The state court's factual findings are presumed to be correct, and a
federal habeas court may not disregard the presumption unless specific
statutory exceptions are met.  Thatsaphone v. Weber, 137 F.3d 1041, 1045
(8th Cir. 1998); 28 U.S.C. § 2254(e).  A federal habeas court "may not simply
disagree with the state court's factual determinations.   Instead it must
conclude that the state court's findings lacked even fair support in the record."
Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

## C.    State Court Exhaustion and Procedural Default

### 1.    Exhaustion

Under ADEPA, federal habeas review of state court convictions is limited
to claims the petitioner previously presented to the state courts for
consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall
> not be granted unless it appears that—
>> (A) the applicant has exhausted the remedies available in the
>>     courts of the state; or
>> (B)    (i) there is an absence of available State corrective
>>         process; or
>>        (ii) circumstances exist that render such process
>>        ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the
> remedies available in the courts of the State, within the meaning of
> this section, if he has the right under the law of the State to raise,
> by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not presented in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted). The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley,

977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971). It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim. Ashker, 5 F.3d at 1179. The petitioner must present both the factual and legal premises of the federal claims to the state court. Smittie v. Lockhart, 843 F.2d 295 at 297 (8th Cir. 1988) (citation omitted). "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " Ashker, 5 F.3d at 1179. This does not,

however, require petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)). The petitioner must simply make apparent the federal constitutional substance of the claim. Satter, 977 F.2d at 1262.

A federal court may not adjudicate the merits of a habeas petition which contains both exhausted and unexhausted claims (a "mixed" petition). Rose, 455 U.S. at 515. The AEDPA one-year statute of limitations, however, often results in claims which are time-barred after being dismissed without prejudice in federal court for failure to exhaust. A "stay and abeyance" procedure may be appropriate if a petitioner presents a petition "mixed" with exhausted and unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277 (2005). No stay and abeyance is necessary, however, if the unexhausted claims are "plainly meritless." Id.; 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### 2. Procedural Default

When it is obvious a federal habeas petitioner's unexhausted claims would be procedurally barred in state court due to a state-law procedural default, a district court may forego needless "judicial ping-pong" and treat those claims now barred by state law as providing no basis for federal habeas relief. Such a petition should be denied with prejudice if there are no state remedies left to exhaust and all of the claims are either meritless or

procedurally defaulted.  Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007).

The doctrine of procedural default is closely related to the doctrine of state court exhaustion. Both doctrines are animated by the same principles of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the state courts' authority, which have equal obligations to uphold the constitution.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (quoting Rose, 455 U.S. at 518, overruled in part on other grounds by Martinez v. Ryan, 566 U. S. 1, (2012),[2] superseded in part on other grounds by statute as

_____

[2] If a prisoner cannot raise a claim of ineffective assistance of counsel in his direct appeal, and he was not given counsel in state habeas proceedings–or his state habeas counsel was ineffective–then procedural default does not bar a federal habeas court from hearing the prisoner's ineffective assistance claims. Martinez v. Ryan, 566 U.S. 1, 14 (2012).  Martinez recognized a narrow exception to the unqualified statement in Coleman, to the effect that the ineffectiveness of state habeas counsel does not provide cause to excuse a procedural default.  Martinez distinguished Coleman on the basis that the error of the state habeas lawyer in that case was on appeal from the state habeas court's decision.  Id. at 15-16.  This is different than making an error before the state trial habeas court itself, rather than before an appellate state habeas court.  Id.

In Davila v. Davis, 137 S.Ct. 2058, 2063 (2017), the Court refused to extend Martinez to habeas counsel's failure to raise errors made by appellate counsel on direct appeal.  The Davila Court explained this is because the Constitution guarantees assistance of counsel for criminal trials, but not for direct appeals.  Id. at 2066-67.  The Davila Court held that Martinez created a narrow exception to Coleman that applied only where (1) ineffective assistance of counsel claims could not be raised on direct appeal, or the state's framework made it very unlikely such claims could be heard on direct appeal, and (2) state habeas counsel was itself ineffective in failing to raise an error of state trial counsel.  Id. at 2062-63.  In so holding, the Court noted the Constitution twice guarantees the right to a criminal trial, but never guarantees a right to an appeal at all.  The criminal trial was the "main event" at which a defendant's

recognized in <u>Duncan v. Atchison</u>, 2014 WL 4062737 (N.D. Ill. Aug. 13, 2014).

While the exhaustion rule asks *whether* a petitioner has exhausted his

remedies in state court, the procedural default rule asks whether the petitioner

has *properly* exhausted those remedies—"whether he has fairly presented his

claims to the state courts." <u>O'Sullivan</u>, 526 U.S. at 848.

Procedural default is sometimes called the "adequate and independent

state grounds" doctrine.  A federal habeas petitioner who has defaulted his

federal claims in state court by failing to meet the state's procedural rules for

presenting those claims, has committed "procedural default."  <u>Coleman</u>, 501

U.S. at 731-32, 735 n.1.  If federal courts allowed such claims to be heard in

federal court, they would be allowing habeas petitioners to perform an "end

run" around state procedural rules.  <u>Id.</u>  However, where no further non-futile

remedy exists in state court, it is not feasible to require the petitioner to return

to state court as would be the case in a dismissal for failure to exhaust state

remedies.

---

rights are determined.  The appeal, by contrast, is marked by deference to both
the judge's and the jury's decisions.  <u>Id.</u> at 2066.

It appears that South Dakota is a state which ineffective assistance
claims cannot be heard on direct appeal, or the state's procedural framework
makes it very unlikely that such claims would be heard on direct appeal.  <u>See
e.g.</u>, <u>State v. Craig</u>, 850 N.W.2d 828, 839 (S.D. 2014) ("ineffective assistance of
counsel claims are generally not considered on direct appeal, because it is only
through habeas corpus that a sufficient record can be made to allow the
appropriate review.") (other citations omitted).

<u>Martinez</u> is inapplicable here, however, because Mr. Krabbenhoft was
represented by counsel at the state habeas proceedings.  In this, his federal
§ 2254 petition, he claims his *trial* counsel, not his habeas counsel, was
ineffective.   Therefore, <u>Martinez</u> does not provide cause to excuse
Mr. Krabbenhoft's procedural default in this instance.

In the Coleman case, the habeas petitioner, Coleman, had defaulted all of his federal claims by filing his notice of appeal from the state trial court three days late.  Coleman, 501 U.S. at 727-28, 749.  The state appellate court then refused to hear Coleman's appeal on the basis of his late-filing of his notice of appeal.  Id. at 740.  The Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Id. at 750.  See also Ruiz v. Norris, 71 F.3d 1404, 1409 (8th Cir. 1995) ("A district court need not consider the merits of a procedurally defaulted claim.") (citations omitted).  To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence.  Schlup v. Delo, 513 U.S. 298, 321, (1995).   A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence.  Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).

"Adequate and independent state grounds" exist for the state court's decision if the decision of the state court rests on state law ground that is independent of the federal question and adequate to support the judgment.  Coleman, 501 U.S. at 729.  "This rule applies whether the state law ground is substantive or procedural."  Id. at 729.  "[A] state procedural ground is not

adequate unless the procedural rule is strictly or regularly followed." <u>Johnson v. Mississippi</u>, 486 U.S. 578, 587 (1988).

"The federal court looks to the last, reasoned state court opinion dealing with the claim to determine whether a specific contention is procedurally defaulted.  If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar that might otherwise have been available." <u>Clemons v. Luebbers</u>, 381 F.3d 744, 750 (8th Cir. 2004) (citations omitted).

There is authority to the effect that a claim cannot be considered to be procedurally defaulted unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.  <u>Nicklasson v. Roper</u>, 491 F.3d 830, 839 (8th Cir. 2007) (citing <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989)).  The requirement seems to be disregarded where the procedural default consists in failing to seek review altogether before a particular court, in which case the court has not issued a decision and explained the basis for its decision.  <u>O'Sullivan</u>, 526 U.S. at 847; <u>Welch v. Lund</u>, 616 F.3d 756, 760 (8th Cir. 2010).

These apparently inconsistent holdings can be harmonized, however, by remembering that the reason for the exhaustion and procedural default rules is founded in concerns for comity towards state courts.  Therefore, if, despite a procedural default, a state court is willing to review a matter on the merits, federal courts do no disservice to comity concerns by also agreeing to reach the merits.  <u>Nicklasson</u>, 491 F.3d at 839.  Thus, in such cases, procedural default

in state court would not bar later federal review of the claims.  Id.  Likewise, if

the procedural default consists, as here, in failing altogether to petition a state

court for review, federal courts would trample comity concerns by reaching the

merits of such cases.  O'Sullivan, 526 U.S. at 846-48.  To do so would present

an end-run around the exhaustion and procedural default rules.

South Dakota law provides that, with very limited exceptions, a habeas

petitioner must raise all potential grounds for habeas relief in his first state

habeas petition.  SDCL § 21-27-5.1, which became effective July 1, 2012, and

was in effect when Mr. Krabbenhoft filed his amended petition in 2014,

provides:

> A claim presented in a second or subsequent habeas application
> under this chapter that was presented in a prior application under
> this chapter or otherwise to the courts of this state by the same
> applicant shall be dismissed.

> Before a second or subsequent application for habeas corpus may
> be filed, the applicant shall move in the circuit court of appropriate
> jurisdiction for an order authorizing the applicant to file the
> application.

> The assigned judge shall enter an order denying leave to file a
> second or successive application for a writ of habeas corpus
> unless:

> (1) The applicant identifies newly discovered evidence that, if
> proven and viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing evidence that no
> reasonable fact finder would have found the applicant guilty of the
> underlying offense; or

> (2) The application raises a new rule of constitutional law,
> made retroactive to cases on collateral review by the United States
> Supreme Court and the South Dakota Supreme Court, that was
> previously unavailable.  The grant or denial of an authorization by
> the circuit court to file a second or subsequent application shall
> not be appealable.

See SDCL § 21-27-5.1.

Some of the claims Mr. Krabbenhoft asserts in this, his federal § 2254 habeas petition were not exhausted at the state level because they were not raised in his state petition and/or presented to the South Dakota State Supreme Court in his motion for a certificate of probable cause. Those claims are: the second half of claim (1)—that trial counsel failed to interview witnesses; claim (5)--that trial counsel failed to advise that the plea agreement was not binding on the court; and claim (6)--that trial counsel failed to advise Mr. Krabbenhoft of his right to a direct appeal.

The South Dakota Supreme Court was deprived of the opportunity to review the merits of these claims. Normally, the appropriate action for a federal court faced with unexhausted claims would be to dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies or consider a Rhines stay and abeyance to allow a return to state court. Rhines 544 U.S. at 277; Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). However, such dismissal is not an appropriate course of action where there are no nonfutile avenues of relief available to the petitioner in state court for his unexhausted claims. In his supplement, Mr. Krabbenhoft vaguely alleges that one of these claims, raised in this federal forum for the first time, is based upon newly discovered evidence. He does not claim any of them are based upon a new rule of constitutional law made retroactive to his case.

The only claim Mr. Krabbenhoft vaguely connects to newly discovered evidence involves the failure to interview witnesses. In his supplement (Docket

12) Mr. Krabbenhoft explains that he learned in 2015 of relevant knowledge in possession of Lou Ludwig.  Mr. Krabbenhoft cites a hearsay statement by one of his friends (Mr. Ludwig) suggesting that Mr. Krabbenhoft's ex-wife may have told her youngest daughter (the younger sister of the victim in this case) to "lie about what happened that night." Id. at p. 1.  Mr. Krabbenhoft indicates he learned of this hearsay statement for the first time in 2015—after Judge Sommers denied his state habeas petition.  At first blush, it seems as if this hearsay statement could fall within the category of "newly discovered evidence" which would allow Mr. Krabbenhoft to return to state court to pursue this claim.  But closer examination reveals this is not the case.

At the plea hearing (arraignment) Mr. Krabbenhoft indicated GR's younger sister was present in the room on the night of the crime, but neither the prosecutor nor Mr. Krabbenhoft indicated the younger sister observed the rape or was interviewed by the police.  See arraignment transcript, p. 10. The court has scoured both the criminal and habeas records which were provided by the state court, and has likewise found absolutely no indication that the younger sister was ever interviewed by law enforcement, or that she ever told law enforcement anything that had any influence whatsoever upon the charges brought against Mr. Krabbenhoft, let alone upon the outcome of his case.

Mr. Krabbenhoft does not deny that:  (1) he digitally penetrated GR's vagina; (2) that GR very briefly performed oral sex on him; and (3) GR was eleven years old at the time the incidents occurred.  Instead, contrary to GR's version of events, Mr. Krabbenhoft took the position that GR did not resist but

18

rather encouraged or "initiated" the sex acts that occurred.  At sentencing,
Mr. Krabbenhoft's wife further expressed, through her letter to the judge, her
belief that Mr. Krabbenhoft's ex-wife (the mother of GR) encouraged GR's
behavior and/or version of the events in an effort to cause trouble between
Mr. Krabbenhoft  and his current wife, or to exact revenge upon
Mr. Krabbenhoft.  See CSR at 11-12 (sentencing letter filed October 3, 2011,
from Mr. Krabbenhoft's current wife).

Even assuming Mr. Krabbenhoft only learned in 2015 that his ex-wife
encouraged *anyone* -- the victim or the victim's younger sister--to perjure
themselves about whether the victim resisted, or about whether it was
Mr. Krabbenhoft or the victim who "initiated" the sex acts, such information
would not have, in light of the evidence as a whole, been sufficient to establish
that no reasonable fact finder would have found Mr. Krabbenhoft guilty of first
degree rape.

This is because even if Mr. Krabbenhoft did not perceive that GR
resisted, she was only eleven years old.  Under South Dakota law, an eleven-
year-old is absolutely incapable of consenting to sex.   People ex rel J.L., 800
N.W.2d 720, 723 (S.D. 2011) (explaining that SDCL § 22-22-1(1) is interpreted
to mean that if one of the participants is under thirteen, even if the sex is
"consensual," the other partner can be charged with rape because anyone
under thirteen is  "under the legal age of consent.").  Therefore, under South
Dakota law, because (1) Mr. Krabbenhoft admitted the sex acts occurred;  and
(2) GR was eleven years old, Mr. Krabbenhoft is guilty of first-degree rape.  See

also SDCL § 22-22-1(1).[3]  For this reason, Mr. Krabbenhoft has not shown by clear and convincing evidence that, had this "new" evidence been available, no reasonable trier of fact would have found him guilty of rape.

As such, this claim may not be presented on a subsequent state petition and it, along with the others Mr. Krabbenhoft wishes to present for the first time in his federal habeas, is now procedurally defaulted unless Mr. Krabbenhoft can show cause and prejudice or a fundamental miscarriage

_____

[3] SDCL § 22-22-1 states:

> **22-22-1.**   Rape--Degrees--Felony--Statute of limitations. Rape is an act of sexual penetration accomplished with any person under any of the following circumstances:
>
> > (1)      If the victim is less than thirteen years of age; or
> > (2)      Through the use of force, coercion, or threats of immediate and great bodily harm against the victim or other persons within the victim's presence, accompanied by apparent power of execution; or
> > (3)      If the victim is incapable, because of physical or mental incapacity, of giving consent to such act; or
> > (4)      If the victim is incapable of giving consent because of any intoxicating, narcotic, or anesthetic agent or hypnosis; or
> > (5)      If the victim is thirteen years of age, but less than sixteen years of age, and the perpetrator is at least three years older than the victim.
>
> A violation of subdivision (1) of this section is rape in the first degree, which is a Class C felony. A violation of subdivision (2) of this section is rape in the second degree which is a Class 1 felony. A violation of subdivision (3) or (4) of this section is rape in the third degree, which is a Class 2 felony. A violation of subdivision (5) of this section is rape in the fourth degree, which is a Class 3 felony. Notwithstanding the provisions of § 23A-42-2, no statute of limitations applies to any charge brought pursuant to subdivisions (1) or (2) of this section. Otherwise a charge brought pursuant to this section may be commenced at any time prior to the time the victim becomes of age twenty-five or within seven years of the commission of the crime, whichever is longer.

of justice.   The court therefore examines whether Mr. Krabbenhoft has shown

cause and prejudice and/or a fundamental miscarriage of justice.

### a.    Cause and Prejudice

A state procedural default bars federal habeas review unless the

petitioner can demonstrate "cause" for the default *and* actual prejudice as a

result of the violation of federal law.   Maynard v. Lockhart, 981 F.2d 981, 984

(8th Cir. 1992) (citations omitted, emphasis added).   If no "cause" is found, the

court need not consider whether actual prejudice occurred.   Id. at 985; Wyldes

v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted).   "The

requirement of cause . . . is based on the principle that petitioner must conduct

a reasonable and diligent investigation aimed at including all relevant claims

and grounds for relief . . ."   Cornman v. Armontrout, 959 F.2d 727, 729 (8th

Cir. 1992).   The habeas petitioner must show that "some objective factor

*external to [petitioner]* impeded [his] efforts."   Id. (quoting Murray v. Carrier, 477

U.S. 478, 488 (1986)) (emphasis added).

A petitioner may show cause by demonstrating the factual or legal basis

for a claim was not reasonably available to the petitioner at the time or that

state officials interfered with the petitioner's attempts to exhaust his state

remedies.   Murray, 477 U.S. at 488.   A petitioner's lay status, *pro se* status,

and lack of education are not sufficient cause to excuse a procedural lapse in

failing to pursue state court remedies.   See Stewart v. Nix, 31 F.3d 741, 743

(8th Cir. 1994); Smittie, 843 F.2d at 298.   Illiteracy or low intelligence are also

not enough to demonstrate cause.   See Criswell v. United States, 108 F.3d

21

1381, *1 (8th Cir. 1997) (unpub'd.); Cornman, 959 F.2d at 729.  Finally,

neither is ignorance of the law.  Maxie v. Webster, 978 F.2d 1264, *1 (8th Cir.

1992) (unpub'd.).

      To excuse his procedural default, however, Mr. Krabbenhoft must show

both "cause" for the default and "prejudice" from the South Dakota Supreme

Court's failure to address his claims.  McKinnon v. Lockhart, 921 F.2d 830,

831 (8th Cir. 1990) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Mr. Krabbenhoft has offered no reason external to him why he could not have

presented the three arguments he now wishes to present to this court to the

state courts of South Dakota.  He does not assert state officials interfered in

any way with his efforts to pursue these claims.  In short, Mr. Krabbenhoft has

not alleged any facts sufficient to show cause for his failure to exhaust his state

remedies.  Because he has failed to show cause, it is unnecessary to address

whether Mr. Krabbenhoft has shown prejudice.  Wyldes, 69 F.3d at 253. The

court therefore now turns to whether Mr. Krabbenhoft has shown a

fundamental miscarriage of justice.

### b.    Fundamental Miscarriage of Justice (Actual Innocence)

      To fit within the fundamental miscarriage of justice exception, the

petitioner must make a showing of actual innocence.  Schlup v. Delo, 513 U.S.

298, 321, (1995).   A successful claim of actual innocence requires the

petitioner to support his allegations with new, reliable evidence.  Weeks v.

Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).  Mr. Krabbenhoft does not

make a showing of actual innocence.  He does not claim the sex acts between

himself and GR did not occur.  Instead, he vaguely re-asserts there is new evidence to support his claim that the victim either consented to or initiated the sex acts that occurred.  As explained above, however, even assuming the truth of those claims, they do not establish Mr. Krabbenhoft's innocence because they are legally irrelevant.  Mr. Krabbenhoft has not, therefore, claimed any new, reliable evidence which supports a claim which fits within the fundamental miscarriage of justice exception to the procedural default rule.

Procedurally defaulted claims are subject to dismissal with prejudice. Armstrong v. Iowa, 418 F.3d 924, 926-27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default). The three claims which Mr. Krabbenhoft failed to exhaust at the state level and which are now procedurally defaulted are : (1)trial counsel failed to interview witnesses; (2) trial counsel failed to advise that the plea agreement was not binding on the court and; (3) trial counsel failed to advise Mr. Krabbenhoft of his right to a direct appeal.  Those claims should be dismissed with prejudice.

**E.    The Merits of Mr. Krabbenhoft's Properly Exhausted Claims**

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845. Mr. Krabbenhoft has met this requirement for the first four[4] claims he raises in

---

[4] As explained above, Mr. Krabbenhoft exhausted the first half of claim number one (that counsel should have hired an investigator), but not the second half (that counsel should have herself interviewed witnesses).

23

this, his this federal § 2254 petition and which were also raised and completely exhausted in his state habeas proceedings.

For such claims, the task for this court is to determine whether the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." Williams, 529 U.S. at 405-06. The merits of the four claims which have been completely exhausted at the state level are discussed below.

All four claims are styled as ineffective assistance of counsel claims. The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " Strickland v. Washington, 466 U.S. 668, 698 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Strickland is the benchmark case for determining if counsel's assistance was so defective as to violate a criminal defendant's Sixth Amendment rights and require reversal of a conviction. Id. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. The defendant must also show that counsel's unreasonable errors or deficiencies prejudiced the defense and affected the

24

judgment.  Id. at 691.  The defendant must show "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.  In sum, a defendant must satisfy the following two-prong test.  Id. at 687.

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id.

"There is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment."  Hall v. Luebbers, 296 F.3d 685, 692 (8th Cir. 2002).  It is the petitioner's burden to overcome this presumption, and a "petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test."  Id.  Counsel's conduct must be judged by the standards for legal representation which existed at the time of the representation, not by standards promulgated after the representation.  Bobby v. Van Hook, 558 U.S. 4, 8 (2009).

When a petitioner makes an ineffective assistance of counsel claim in a § 2254 petition, Strickland's deferential review of counsel's conduct is paired

with the extremely deferential lens through which federal courts view the state court's determination of a habeas claim as dictated by AEDPA.  The result is that the federal court's "highly deferential" review  becomes "doubly" so. Harrington v. Richter, 562 U.S. at 105 (quoting Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)).  "Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)."  Id.  The inquiry when a Strickland claim is raised in a § 2254 petition is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Id.

A claim of ineffective assistance of trial counsel requires Mr. Krabbenhoft to show that his lawyer's representation of him fell below an objective standard of reasonableness and thereby prejudiced his case.  Skillicorn v. Luebbers, 475 F.3d 965, 973 (8th Cir. 2007) (citing Strickland, 466 U.S. at 687).  In a petition under 28 U.S.C. § 2254, however, Mr. Krabbenhoft must do more:  he must show that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner."  Skillicorn, 475 F.3d at 973 (quoting Bell v. Cone, 535 U.S. 685, 699 (2002)).  It is with these general principles in mind that each of Mr. Krabbenhoft's ineffective assistance claims have been considered.

### 1.    First Claim For Relief:  Failure To Hire An Investigator

Mr. Krabbenhoft's first ineffective assistance claim generally asserts that his counsel failed to properly investigate his claims by failing to hire an investigator.  Mr. Krabbenhoft made this assertion in his amended state habeas petition.  See  Docket 10-4, p. 2.  The state habeas court found

26

Mr. Krabbenhoft suffered no prejudice by trial counsel's failure to hire an investigator, because he failed to show that hiring an investigator would have unearthed any valid defenses for Mr. Krabbenhoft.   See Judge Sommers' Memorandum Decision, Docket 10-6, p. 5.

During the evidentiary hearing, Mr. Krabbenhoft's trial counsel explained that before she was appointed to represent him, Mr. Krabbenhoft had admitted his guilt to law enforcement officers.  It did not appear law enforcement had violated any of Mr. Krabbenhoft's constitutional rights in the course of obtaining his confession, so she did not see any benefit in hiring an investigator to investigate facts which Mr. Krabbenhoft had already admitted. State habeas TR at 47-48.  Additionally, on cross examination, Mr. Krabbenhoft did not suggest any facts which needed to be investigated, other than "to see if it was true or not." Id. at 22.  Upon questioning by the State's Attorney and confronted with the fact that he had already admitted the sex acts occurred, Mr. Krabbenhoft could not think of anything more which should have been investigated to "see if it was true." Id.  Instead, he conceded he merely included that claim in his petition because one of the jailhouse lawyers told him to include it. Id.

A similar ineffective assistance claim was rejected in Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994).  In that case the state habeas petitioner, Mr. Anderson, claimed his trial counsel was generally ineffective for failure to investigate and develop useful evidence.  He did not specify what the proposed

27

investigation would have divulged or why it would have been likely to make a

difference at trial or at sentencing.  Id.  The Fifth Circuit rejected this claim.

> [W]ithout a specific, affirmative showing of what the missing
> evidence or testimony would have been, a habeas court cannot
> even begin to apply Strickland's standards because it is very
> difficult to assess whether counsel's performance was deficient and
> nearly impossible to determine whether petitioner was prejudiced
> by any deficiencies in counsel's performance.

Id. (internal punctuation altered, citation omitted).  For these same reasons,

the state habeas court properly rejected Mr. Krabbenhoft's first claim for relief

in this case.  Mr. Krabbenhoft  failed to specify what evidence an investigator

could or would have discovered which would have affected the outcome his

criminal proceedings.  This made it impossible for the state habeas judge and

the South Dakota Supreme Court to find Mr. Krabbenhoft suffered any

Strickland prejudice by his counsel's failure to hire the investigator.

Having reviewed the state court transcripts, the state court criminal and

habeas records, and the written decision of the state habeas court, this court finds

the South Dakota state court made factual findings that were fairly supported in

the record and it did not unreasonably apply federal law.  It is therefore

recommended that Mr. Krabbenhoft's first claim for relief be denied and that no

certificate of appealability be issued.

**2.    Second Claim For Relief:  Trial Counsel Failed To Review The
        Presentence Investigation Report Or The Psychosexual
        Evaluation With Mr. Krabbenhoft**

In this claim for relief, Mr. Krabbenhoft asserts that his trial counsel

failed to review both the presentence investigation report (PSI) and the

psychosexual evaluation with him.  As a result of this failure, Mr. Krabbenhoft

alleges he suffered "extreme prejudice; particularly at sentencing." See Docket 1, p. 5. Mr. Krabbenhoft made this same claim in his state habeas amended petition, in the form that counsel did not spend enough time on his case and did not adequately prepare for sentencing. See Docket 10-4, p. 2. Judge Sommers made specific findings of fact and conclusions of law regarding Mr. Krabbenhoft's claims about counsel's alleged failure to review the presentence report and the psychosexual report. See Memorandum Opinion, Docket 10-6, p. 2-3. See also, Judge Sommers' findings of fact and conclusions of law, filed on July 13, 2015 (contained in Mr. Krabbenhoft's state habeas file at HSR pp. 177-84).

Judge Sommers found that trial counsel failed to review the presentence report with Mr. Krabbenhoft and spent very little time reviewing the psychosexual report. Judge Sommers applied the Strickland test, however, and found that, as to both claims, Mr. Krabbenhoft failed to show how he had suffered any prejudice. Docket 10-6, p. 7. Additionally, in his findings of fact and conclusions of law, Judge Sommers explained that Mr. Krabbenhoft failed to show that but for counsel's alleged errors, Mr. Krabbenhoft would not have pleaded guilty and instead would have insisted on going to trial. See conclusion of law No. VII, HSR pp. 182 (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985)).

Mr. Krabbenhoft's sentencing hearing occurred on October 3, 2011. See Sentencing TR dated October 3, 2011. Both the presentence report and the psychosexual report were referenced by both the prosecutor and

Mr. Krabbenhoft's counsel throughout the course of the hearing.  It is obvious

that Mr. Krabbenhoft's counsel discussed the presentence report with him,

because during sentencing, counsel referenced parts of the report that she

talked to him about to clarify the statements he made in the report for the

benefit of the sentencing judge.  See Sentencing TR at p. 6.

Mr. Krabbenhoft  was given the opportunity to speak during the hearing,

but he did not claim at that time that he had not been given the chance to

review the report or that any of the prior convictions or any other information

discussed by the prosecutor or his own counsel as reported in the PSI were

incorrect.  Further, he did not claim that despite the short amount of time his

counsel spent reviewing the psychosexual report, there was anything about it

he did not understand or that he believed was inaccurate.  Sentencing TR at 8-

9. Mr. Krabbenhoft did not say anything at all when given the chance to speak.

Id.

South Dakota law[5] requires disclosure of the pre-sentence report to the

defendant before sentence is imposed, but "[a] federal court may not issue the

---

[5] SDCL § 23A-27-7 mirrors FRCP 32(c)(3)(A) and states:

Before imposing sentence a court shall disclose the report of the
presentence investigation to the defendant, the defendant's counsel, if
represented by counsel, and the prosecuting attorney, but the court may
exclude any recommendation as to sentence, and other material that, in the
opinion of the court, contains a diagnostic opinion which might seriously
disrupt a program of rehabilitation, sources of information obtained upon a
promise of confidentiality, or other information which if disclosed, might result
in harm, physical or otherwise, to the defendant or other persons.  The court
shall afford the defendant, the defendant's counsel, or the prosecuting attorney
an opportunity to comment thereon and, in the discretion of the court, to
introduce testimony or other information relating to any alleged factual
inaccuracy contained in the presentence report.

writ on the basis of a perceived error of state law." <u>Pulley v. Harris</u>, 465 U.S. 37, 41, (1984).   There is no indication Mr. Krabbenhoft's sentence would have been different even if Mr. Krabbenhoft had conducted an in-depth review of his PSI with his counsel before sentence was imposed, or had spent more time with him reviewing his psychosexual report.   In other words, Mr. Krabbenhoft has failed to sufficiently articulate how he was prejudiced by his counsel's alleged failure to spend sufficient time reviewing the reports with him.   No due process violation arises in the absence of a showing of prejudice.   <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 648 (1974); <u>Pickens v. Lockhart</u>, 4 F.3d 1446, 1453-54 (8th Cir. 1993). <u>See also</u> <u>United States v. Esparza-Gonzalez,</u> 268 F.3d 272, 274 (5th Cir. 2001) (regarding similar FED. R. CRIM. P. 32(c)) ("remanding where no prejudice exists would require the district court to undergo an exercise in futility in order to obtain the same sentence.").

Having reviewed the state court transcripts, the state court criminal and habeas records, and the written decision of the state habeas court, this court finds the South Dakota state court made factual findings that were fairly supported in the record and did not unreasonably apply federal law.   It is therefore recommended that Mr. Krabbenhoft's second claim for relief be denied and that no certificate of appealability be issued.

  **3.  Third Claim For Relief:  Trial Counsel Spent Inadequate Time On Mr. Krabbenhoft's Case, And Met With Him Only Twice**

In this claim for relief, Mr. Krabbenhoft alleges that his trial counsel did not spend enough time working on his case and met with him only two times; once

shortly after she was appointed to represent him and the second time moments

before he was sentenced.

Counsel testified during the state habeas hearing that the first time she met

with Mr. Krabbenhoft, he did not deny what had happened, but rather told her he

"just wanted to plead guilty and get it done."  Habeas TR at 47.  Counsel testified

that when a defendant has admitted his guilt to law enforcement, acceptance of

responsibility is a "good route to take."  Id.  Nevertheless, before she met with

Mr. Krabbenhoft, she listened to the recorded interviews given to police by

Mr. Krabbenhoft and by the victim, and determined that what Mr. Krabbenhoft

told her fit with everything else she saw from the file.  Id.

Counsel also testified that from her viewpoint, law enforcement did not

violate any of Mr. Krabbenhoft's constitutional rights in the course of their

investigation.  Id. at 48.  It was in counsel's words, therefore, a "pretty short case

from start to finish . . ."  Id. at 47.  Mr. Krabbenhoft claimed his counsel never

explained his right to a preliminary hearing before she persuaded him to waive

that right, but counsel testified that she did explain the right to a preliminary

hearing.  Id.  at 42-43.  See also, habeas EX. 1 (letter from trial counsel to

Mr. Krabbenhoft confirming she had waived his right to preliminary hearing after

their discussion).

In his memorandum opinion, Judge Sommers agreed that records showed

counsel met with Mr. Krabbenhoft on September 1 and October 3, 2011 (the dates

of his arraignment/plea and his sentencing).   See memorandum opinion, Docket

10-6, p. 2.  Judge Sommers noted that Mr. Krabbenhoft immediately admitted his

32

guilt to the crime—both to law enforcement and to his counsel.  Mr. Krabbenhoft never disputed this fact.

Judge Sommers also noted that despite his claim counsel did not explain the right to a preliminary hearing and/or that he did not understand that right, Mr. Krabbenhoft told the judge at the arraignment/plea hearing that counsel had explained the right, that he understood it, and that he had agreed to waive it.  See Docket 10-6, p. 3; arraignment/plea TR at pp. 2-3.  When Judge Sommers asked Mr. Krabbenhoft why he agreed to waive the preliminary hearing if he really did not understand it or did not want to waive it, Mr. Krabbenhoft said "I was just hoping to get done with this."  Id. at p. 19.  Judge Sommers found no merit to Mr. Krabbenhoft's claim that counsel did not explain this right or that counsel waived it without his agreement.  Docket 10-6, pp. 3-4.

Counsel submitted a voucher for her court-appointed attorney fees indicating she spent a total of six hours working on Mr. Krabbenhoft's case.  See CSR at p. 79.  Counsel did not, however, produce any itemized billing statements to support the voucher at the state habeas hearing.  Judge Sommers estimated this meant counsel spent about four hours outside of court time working on Mr. Krabbenhoft's case.  See Memorandum Opinion, Docket 10-6, p. 5.  Judge Sommers found it "troublesome" and "concerning" that counsel spent such a short amount of time on a case that carried a potential for a life sentence.  Id. Ultimately, however, Judge Sommers found that in light of Mr. Krabbenhoft's immediate admission of guilt to law enforcement and to counsel, there was a complete absence of any testimony or evidence that: (1) any defenses existed or; (2) the lack of time spent by counsel caused Mr. Krabbenhoft any prejudice.  As

such, Judge Sommers  concluded the brief amount of time counsel spent working

on the case did not amount to ineffective assistance under <u>Strickland</u> or <u>Hill</u>.  <u>Id.</u>

at p. 5, 7; findings of fact and conclusions of law, HSR at p. 177-84.

   In <u>Hill v. Lockhart,</u> 474 U.S. 52 (1985), the United States Supreme Court

explained how the two-part <u>Strickland</u> test for ineffective assistance applies but is

slightly modified to fit instances in which the petitioner has not gone to trial but

instead has entered a guilty plea before trial.  <u>Id.</u> at 58-59.  The first half of the

test remains the same—the petitioner must show that counsel's performance was

deficient.  <u>Id.</u> at 59.   But in a plea situation, the second half of the test requires

the petitioner to show there is a reasonable probability that but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial.

<u>Id.</u>   In the context of a claim that counsel failed to spend enough time or do an

adequate investigation, in order to show prejudice the petitioner must show that

counsel failed to discover evidence or an affirmative defense that likely would have

succeeded had the petitioner gone to trial.  <u>Id.</u> at 59-60.

   This court has thoroughly reviewed Mr. Krabbenhoft's state habeas

testimony, as well as the findings of fact and conclusions of law submitted on his

behalf to Judge Sommers after the evidentiary hearing.  <u>See</u> HSR at pp. 189-95.

Though Mr. Krabbenhoft is clearly upset with his predicament and is surprised at

the harshness of the sentence he received, notably absent from his filings are any

substantive statements about how, assuming counsel had done everything as

Mr. Krabbenhoft now says she should have, Mr. Krabbenhoft's situation would be

any better.

Though Mr. Krabbenhoft criticizes counsel for failing to spend more time looking for a defense, he offered no evidence at the state habeas evidentiary hearing that he *had* a valid defense to the first-degree rape charge which, had counsel spent more time working on his case, she would have discovered and successfully argued on his behalf.  Similarly, Mr. Krabbenhoft did not present any evidence at the state habeas trial that, had counsel spent 15 hours instead of 15 minutes reviewing the psychosexual report, he would not have entered a guilty plea or that he would have received a shorter sentence.

Also, Mr. Krabbenhoft did not present any evidence of inaccuracies in the pretrial report that counsel should have discovered or that would have affected the sentence imposed by Judge Von Wald, had they been corrected.  In summary, Mr. Krabbenhoft has not shown prejudice.  He never alleged, let alone proved, either in his state court proceedings or in this, his federal § 2254 petition, that but for his trial counsel's failure to spend more time on his case, he would not have pleaded guilty and instead would have insisted on going to trial.  Hill, 474 U.S. at 59.

Having reviewed the state court transcripts, the state court criminal and habeas records, and the written decision of the state habeas court, this court finds the South Dakota state court made factual findings that were fairly supported in the record and did not unreasonably apply federal law.  It is therefore recommended that Mr. Krabbenhoft's third claim for relief be denied and that no certificate of appealability be issued.

## 4.  Fourth Claim For Relief:  Trial Counsel Failed To Call Mr. Krabbenhoft's Former Boss To Testify At Sentencing

In this claim, Mr. Krabbenhoft asserts his trial attorney should have contacted his former employer to testify at sentencing.  See Docket 1-1, p. 7. Mr. Krabbenhoft made this same claim in his state habeas proceedings.  See habeas TR at p. 29.  He admitted, however, that he received a letter from counsel asking him to identify witnesses for sentencing, but he did not notify her of any witnesses he wanted her to call, other than those they had already discussed.  Id. at 29-30.  Trial counsel testified it was her best recollection that she contacted Mr. Krabbenhoft's former employer (Terry Dorhn) shortly after Mr. Krabbenhoft was arrested to inquire about employment for bail purposes, but Mr. Dohrn's response was not "real positive."  Id. at  60.  At the habeas hearing, Mr. Krabbenhoft indicated he believed trial counsel should have proffered the testimony of his former employers to testify "[t]hat I'm a decent man and worked hard and stuff like that."  Id. at 29.  He admitted he'd not talked to Mr. Dohrn or any of the other individuals he suggested since he had been convicted to see whether they were in fact contacted by his trial counsel, or whether they would have testified at sentencing, had they been asked.  Id.

In his memorandum opinion, Judge Sommers found that despite trial counsel's "spirited" argument for a shorter sentence, Judge Von Wald sentenced Mr. Krabbenhoft to a lengthier term than the prosecution had agreed to ask for in exchange for Mr. Krabbenhoft's guilty plea (twenty-five years).  See memorandum opinion, Docket 10-6, at p. 6.  Judge Sommers further found that trial counsel did obtain two letters of support for sentencing purposes (see CSR at pp. 11-13). Judge Sommers found Mr. Krabbenhoft had not sustained his burden to show he

36

had been prejudiced in any way.  Docket 10-6, p. 6.  This is because Mr. Krabbenhoft failed to provide any evidence that anyone who wanted to testify at the sentencing hearing had not done so, or that trial counsel had failed to contact anyone who Mr. Krabbenhoft asked her to contact.  See Docket 10-6, p. 6.

"[A] meaningful opportunity to present a complete defense does not translate into the right of a defendant to present any evidence he may deem important to his defense."  Strickland v. Lee, 471 F. Supp. 2d 557, 617 (W.D. N.C. 2007).  Instead, to prove prejudice, Mr. Krabbenhoft must show the proposed uncalled witness would have testified in his defense, that his testimony would have been favorable, and that his testimony "probably would have changed the outcome of the trial."  See Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990); Stewart v. Nix, 31 F.3d 741, 744 (8th Cir. 1994).  In assessing ineffective assistance claims under the Strickland standard, "[t]he decision not to call witnesses is a virtually unchallengeable decision of trial strategy."  United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (citations omitted, punctuation altered).  The habeas court must avoid "the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time."  Id. (citations omitted, punctuation altered).

"Complaints of uncalled witnesses are not favored . . . because allegations of what the witness would have testified [to] are largely speculative." Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).  "[T]he petitioner

ordinarily should explain  . . . with some precision, the content of the testimony they would have given at trial." <u>Lawrence,</u> 900 F.2d at 130.

Mr. Krabbenhoft has not shown that calling his former employer or any of his other now-proposed witnesses at sentencing would have favorably influenced and/or changed the sentence imposed by Judge Von Wald. <u>Lawrence</u>, 900 F.2d at 130.  Tellingly, none of his now-proposed witnesses appeared at his state habeas evidentiary hearing to verify they actually would have testified at Mr. Krabbenhoft's sentencing hearing if they had been asked, or to explain what their sentencing testimony would have been.  No affidavits from any of these allegedly willing witnesses were offered outlining what their testimony would have been.  Mr. Krabbenhoft, therefore, failed to carry his burden to show any of his proposed sentencing witnesses (1) would have been willing to testify on his behalf; (2) what their testimony would have been or, most importantly; (3) that such testimony would have persuaded Judge Von Wald to impose a lesser sentence.

Having reviewed the state court transcripts, the state court criminal and habeas records, and the written decision of the state habeas court, this court finds the South Dakota state court made factual findings that were fairly supported in the record and did not unreasonably apply federal law.  It is therefore recommended that Mr. Krabbenhoft's fourth claim for relief be denied and that no certificate of appealability be issued.

## CONCLUSION

The second half of Mr. Krabbenhoft's first claim for relief, along with his fifth and sixth claims for relief are procedurally defaulted.  Mr. Krabbenhoft has shown neither cause nor prejudice to excuse his default.  Neither has he shown that a fundamental miscarriage of justice will result if these claims are not considered by this court.  Further, as to his remaining claims, Mr. Krabbenhoft has failed to show that the state court's factual findings were erroneous or that it unreasonably applied federal law.  Based on the foregoing law, facts, and analysis, the court therefore recommends that respondent's motion to dismiss [Docket No. 13] be GRANTED and petitioner Robbie D. Krabbenhoft's habeas petition pursuant to 28 U.S.C. § 2254 [Docket No. 1] be DENIED and that no certificate of appealability be issued.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 27th day of July, 2017.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

39